**UNITED STATES of America, Plaintiff,**

v.

**HOLMES & ROBINSON, a domestic corporation, Defendant.**

**Civ. A. No. 82–C–1450.**

United States District Court,
E.D. Wisconsin.

June 7, 1983.

Joseph P. Stadtmueller, U.S. Atty. by Eric J. Klumb, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

Randall D. Crocker, Lichtsinn, Haensel, Bastian & Erchul, S.C., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for conversion brought by the United States as the holder of a security interest in 37 head of livestock sold by the defendant corporation in the course of its business as a livestock commission broker. The defendant has filed a

motion to dismiss, asserting three grounds: first, that the complaint fails to allege an essential element of the cause of action in that it fails to allege that the plaintiff demanded the return of its chattels; second, that the complaint fails to sufficiently specify the items allegedly converted; and third, that the plaintiff has failed to join the owners of the livestock as necessary and indispensible parties.

The complaint alleges that Jerry L. Holbrook and Kay M. Holbrook obtained loans from the Farmers Home Administration (FHA) and that those loans were secured by two security agreements. The promissory notes and security agreements are attached as exhibits to the complaint. The security agreements give the plaintiff a security interest in all livestock owned by the Holbrooks. The complaint alleges that the Holbrooks are in default and that from February 18, 1980 through March 26, 1981, the defendant converted to its own use 37 head of livestock encumbered by the security agreements.

■ Defendant first argues that Wisconsin law applies to this cause of action, and that under Wisconsin law the plaintiff must first demand the return of the encumbered chattel before suing for conversion. Defendant relies on *Production Credit Association of Madison v. Nowatzski*, 90 Wis.2d 344, 280 N.W.2d 118 (1979). *Nowatzski* involved a defendant who allegedly converted the chattel by continued possession. This case involves conversion through the disposition of the chattel so that *Nowatzski* is not on point. In *United States v. Midwest Livestock Producers Cooperative*, 493 F.Supp. 1001 (E.D.Wis. 1980), this Court held that Wisconsin law and federal common law on an auctioneer's liability to a secured party were the same, and that an auctioneer who sold mortgaged chattel without the consent of the secured party would be held liable. This law is not changed by *Nowatzski*.

■ Regarding the defendant's second ground, the Court finds the plaintiff's complaint sufficiently specific under Fed.R.

Civ.P. 8(a), especially when the attached exhibits are considered.

■ Finally, the Court holds that the Holbrooks are not necessary parties to this action. A finding for the plaintiff would not be *res judicata* as to the Holbrooks since they are not parties to this action. As between the parties before the Court, complete relief can be accorded without the joinder of the Holbrooks.

THEREFORE, IT IS ORDERED that the defendant's motion to dismiss this action is denied.